**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

**Latrice Lashell Brown**
**xxxxxxxxxxxxxxxxx**
**Washington D.C.  20019**

Your affiant, Casey R. Stumpf, being duly sworn, deposes and states as follows:

1. Your affiant has been a law enforcement officer for approximately 4 years.  Your affiant has been employed as a special agent with the United States Secret Service (USSS), Department of Homeland Security since December 2004, and is currently assigned to the Washington Investigative Team of the Washington, DC Field Office.  Previously, I was employed as a police officer with the Uniform Division, USSS.  Your affiant's law enforcement training and experience include the preparation, presentation and service of criminal complaints, arrest and search warrants.  In addition, your affiant has received training in general law enforcement and criminal investigations to include violations involving credit card fraud, forgery, and theft statutes.  The information contained in this affidavit is based on my training, experience and participation in other financial investigations involving fraudulent criminal activities, as well as information gathered during the instant investigation from civilians and law enforcement officers.

2. The information contained in this affidavit is based on my personal knowledge, information received from records, documents, surveillance tapes, and other physical evidence obtained during this investigation, as well as information conveyed to me by other law enforcement officials.  It does not include each and every fact known to the government, but only those necessary to support a finding of probable cause.

3. This affidavit is being submitted in support of an application for a search warrant for the premises located at xxxxxxxxxxxxxx, Washington, D.C. 20019 (hereinafter referred to as the "target premises"), as more fully described in Attachment A of this affidavit.

4. The ongoing investigation by the USSS has developed probable cause to believe that one or more persons have committed the violations of Title 18, United States Code, Sections 1341 (mail fraud), 1343 (wire fraud), and 1029 (fraud and related activity in connection with access devices), as well as probable cause to believe that the target premises contains evidence, contraband, instrumentalities, and/or fruits of these offenses, which may be seized pursuant to the warrant to which this affidavit supports.

## BACKGROUND AND EVIDENCE OF VIOLATIONS

5. On or about October 26, 2005, the Washington Field Office of the USSS was contacted by the complainant, Candice N. Charles, who advised that she had been a victim of identity theft and credit card theft. Ms. Charles advised that she believed Suspect #1 (S-1), identified as Latrice Brown, to be the individual who stole her credit cards and identity. Ms. Charles stated that she knew S-1 to reside in her apartment complex. Ms. Charles also advised that her boyfriend at the time, Miguel McDonald (S-2), might also be involved with the thefts.

6. On or about November 1, 2005, Ms. Charles provided your affiant with a binder containing copies of credit card statements, which contained entries for alleged unauthorized purchases on her credit cards, including copies of Fraudulent Charge Affidavits she filed with various credit card companies. The binder also included mail matter, which contained the name Miguel McDonald, with the address of the aforementioned target premises, which is believed to be S-1's residence.

7. On or about February 16, 2006, Miguel McDonald was interviewed by law enforcement agents at his place of employment located in Alexandria, VA. Miguel McDonald was read his Miranda rights and voluntarily agreed to talk with the agents. In a written statement signed by Miguel McDonald, he stated that he helped S-1 pick up a TV from Circuit City, which is a consumer electronics retail store located in or around the Washington, DC area, and that he noticed that the receipt for the TV listed the purchaser's name as "Candice Charles." Miguel McDonald claimed that he told S-1 to return the TV to Circuit City, and that S-1 said she would take care of it. Miguel McDonald also advised that he had previously been residing with Ms. Charles, and that he had also been engaged in a romantic relationship with S-1 during the same period.

8. On or about April 4, 2006, your affiant was contacted by Ms. Charles, who stated that she had noticed additional unauthorized purchases on her Circuit City credit card, which showed that several items had been purchased on March 25, 2006 at the Circuit City located in the Pentagon City Mall, Arlington, Virginia. Prior to this purchase, Ms. Charles had cancelled her Circuit City credit card. Your affiant responded to the Circuit City and interviewed the Store Director, Brian E. Mitchell Sr. Mr. Mitchell provided your affiant with a surveillance tape from March 25, 2006. Your affiant viewed the surveillance tape with Mr. Mitchell, which showed an individual matching the description of S-1 as compared by your affiant to S-1's driver's license photograph. Mr. Mitchell also stated that he recalled the March 25, 2006 transaction with this customer, and that the credit card presented by the customer had been denied. Mr. Mitchell further stated that during the transaction, the customer got on the phone with the credit card company, represented that she was the customer listed on the

credit card, and was able to have the credit card reactivated, thereby enabling the transaction to be completed.

9. On or about April 17, 2006, your affiant showed the Circuit City surveillance tape to Tanya Johnson, Manager of Paradise at Parkside Apartments, xxxxxxxxxxxxxx., Washington, D.C. 20019, which is the leasing office for S-1's apartment complex. Ms. Johnson positively identified S-1 from the surveillance tape, and confirmed that S-1 was the individual she knows as residing at the target premises.

10. On or about November 14, 2005, your affiant obtained records from the District of Columbia Department of Motor Vehicles, which lists S-1's address as xxxxxxxxxxxxx, Northeast, Washington, DC. On June 8, 2006, your affiant contacted the manager of the target premises and verified that the S-1still resides at the target premises.

11. Your affiant has reviewed the credit card statements listing the alleged fraudulent credit card purchases made using the complainant's credit cards. These purchases were made between on or about August, 2005 through on or about March, 2006, and consisted of numerous items of merchandise, including but not limited to, television sets, video game players, video games, compact discs, DVD's, video recorders, other electronic equipment, and articles of clothing. As a result of the investigation and based upon your affiant's training and experience, it is believed that these items can be positively identified through a comparison of serial numbers and other identifying information listed on the merchandise, and receipts and credit card statements.

**PROBABLE CAUSE**

12. In your affiant's training and experience, merchandise purchased by individuals through the use of stolen credit cards is frequently obtained for the offender's personal use, and stored in the offender's residence. In addition, your affiant knows that fraudulently obtained merchandise such as electronic equipment and clothing are frequently retained by the offender for extended periods of time.

13. In your affiant's training and experience, individuals involved in credit card and identity theft are known to store in their residences for extended periods of time the following types of information: (1) stolen credit cards, records and receipts of purchases made with stolen credit cards, credit card bills and mailings, documents containing stolen credit card numbers; (2) stolen social security cards and documents containing stolen social security numbers; (3) stolen identification cards, driver's licenses, false and fictitious identification cards, and other stolen personal identification information. Such evidence is also frequently kept by the offender on his/her person.

14. Your affiant submits that there is probable cause to believe that evidence relating to credit card theft and identity theft will be found inside the target premises, including the following evidence: (1) television sets, video cameras, video game players, video games, compact disks, DVDs, and other electronic equipment and electronic media obtained through the use of the stolen credit cards and identification information; (3) stolen credit cards and documents relating to stolen credit cards, including credit card receipts, credit card bills and records, and documents containing stolen credit card numbers; and

(4) stolen identification cards, driver's licenses, social security cards, documents containing stolen social security numbers and stolen personal identification information, and false or fictitious identification cards, all obtained though the use of the stolen credit cards and personal identification information belonging to Candice Charles and other unidentified individuals.

_____
CASEY R. STUMPF
SPECIAL AGENT, United States Secret Service

Subscribed and sworn to before me this _____ day of JUNE, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT A

DESCRIPTION OF THE PREMISES TO BE SEARCHED

**xxxxxxxxxxxxxxxx**
Washington D.C.  20019


The premise to be searched is the first floor apartment of a two story, red brick apartment building. The main entrance to the apartment building is a black door.  The building number "xxxxx"  is located over the main door way.  The Apartment number is "xxx" located on the left hand side of the hallway just prior to the stairs that lead up. The door to apartment xxxx is brown in color.

ATTACHMENT B

DESCRIPTION OF ITEMS TO BE SEARCHED AND SEIZED

Evidence relating to identity theft and theft of credit cards, but not limited to, the following:

RECORDS/DOCUMENTS/MATERIALS

A.) <u>Search</u> the premises and any persons found therein for any evidence relating to identity theft and theft of credit cards;

B) <u>Search and seize</u> records, documents, and materials containing information of past and present criminal activity relating to the aforementioned offenses of Identity Theft and Access Device Fraud. The terms "records," "documents," and "materials" includes records in all forms, such as those on paper, in any photographic form, in any mechanical form including, but not limited to, any handmade form (such as writing, drawing, painting, with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies); any mechanical form (such as tape recordings, cassettes, as well as printouts or readouts from any magnetic storage device), and any form that is stored in electronic or magnetic form on hard drives, compact disks, zip disks, magnetic tapes or floppy disks;

C) <u>Seize</u> any documents or materials relating to Candice N. Charles and Miguel McDonald;

D) <u>Seize</u> any merchandise and items including but not limited to articles of clothing, television sets, video cameras, video games, compact disks, DVDs, and other electronic equipment matching the description of items purchased through the use of credit cards and identification information belonging to Candice Charles, including:

1. Electronics that can be identified as 36" Sony TV, JVC DVD, MEM DVD, Sony Camcorder serial # S010340878G, Blank VCR/ Camcorder tape, Apple Portable Digital audio, CD-SAW I, CD-SAW II , Video Game PSP Midnight Club 3, Video Game PSP Grand Theft Auto, Portable Play Station 2 serial # PP217222806, Game Accessories, Phones- Cordless, Mobile Video, DVD, Software, Rap CD, CD Player-AUTO, Portable music accessories, Portable Digital Audio Player, 30" TV, Electronic Games, Game Accessories, Mini Disc, Video Games.

2. Clothing that can be identified as **Macy's** clothing items, Better Separates-Sigrid Olsen Sport, Layette- Polo Girl, Young Men's Streetwear –Girbaud, Rocawear –

short sleeve (S/S) Wovens, Rocawear – S/S T-Shirts, Men's Guess – Denim, Men's Other Traditional Collection- Lacoste SS Knits, Men's Other Traditional Collection- Lacoste SS Wovens, Women's Denim/ Related, Women's Denim/ Related- Woven Related, Sunglasses- Gucci, Men's Casual Shoes- Timberland, Men's Guess- Denim, Men's Guess Fashion Denim, Men's Polo- S/S Knits, Coach Designer shoes, Men's Polo S/S Knits, **Old Navy** clothing items Men's Boys Apparel, Apparel/Accessories, Adult Shoes Women's/Girls Apparel, **Express** clothing items Belt/bag, knit tops, casual bottoms, denim, pants, skirts, sweaters, and additional clothing and items from Gap Kids, Victoria's Secret, Gap Clothing, Shoe City- Shoes, Stride Rite merchandise, Claires Boutiques.

E) <u>Seize</u> any lease materials, rental applications, title documents, mail matter, photographs, or other evidence tending to establish the owner(s), occupant(s), and resident(s) of the target premises.